Robert BELCASTER and Carolyn Belcaster, Appellants–Plaintiffs,

v.

Becky MILLER and Matthew Miller, and Fred Dempsey, Individually and as owner of Fairfield of America, Inc., Appellees–Defendants.

No. 46A05–0209–CV–466.

Court of Appeals of Indiana.

April 7, 2003.

Randy A. Godshalk, Hammond, IN, Attorney for Appellants.

Julie Blackwell Gelinas, Nicholas C. Pappas, Locke Reynolds LLP, Indianapolis, IN, Mark A. Lienhoop, Matthew J. Hagenow, Newby, Lewis, Kaminski & Jones, LLP, La Porte, IN, Attorneys for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

Robert and Carolyn Belcaster appeal the trial court's Trial Rule 41(E) dismissal of their lawsuit for failure to prosecute. Specifically, the Belcasters contend that the trial court erred in dismissing their lawsuit because they moved the case forward by filing a motion to set the case for trial. Because the Belcasters filed their motion to set trial after one set of defendants filed a Trial Rule 41(E) motion to dismiss, ten months had passed without

any action in the case, and the Belcasters provide no reason for the inaction on appeal, we conclude that the trial court did not abuse its discretion in dismissing the lawsuit nearly five years after it was filed for failure to prosecute.

### Facts and Procedural History

In the summer of 1993, the Belcasters decided to purchase farmland in LaPorte County, Indiana. They contacted Fred Dempsey of Fairfield Realty in Michigan City, Indiana. After Dempsey showed the Belcasters several farms that were for sale in the area, the Belcasters expressed interest in a 147–acre farm that was divided into four parcels. Esther Hornbeck owned the property, and Becky Miller was the listing agent. Because the Belcasters were not interested in purchasing all 147 acres, Dempsey suggested that they meet with Miller. After meeting with Miller, on September 27, 1993, the Belcasters signed a Real Estate Purchase Contract for two of the four parcels, a 78–acre parcel and a 15.5–acre parcel, for $290,000. The closing took place on October 29, 1993. During the course of building their home on the property, the Belcasters learned that they did not own a 3.2–acre parcel that they thought that they owned. Miller and her son Matthew had actually bought the 3.2–acre parcel less than two months after the Belcasters closed on their property.

On March 12, 1997, the Belcasters filed a complaint against Miller, which they amended on May 30, 1997. On May 15, 1998, after almost a year of no action, Miller requested a pre-trial conference, which was eventually held in July 1998. At the pre-trial conference, the trial was set beginning in March 1999. Thereafter, Miller filed a motion for summary judgment, which the trial court denied. The trial was eventually reset to July 1999.

However, less than one week before the trial was scheduled to begin, the Belcasters filed a motion to amend their complaint and to continue the trial in order to add Dempsey, Fairfield of America, Inc., and Matthew as defendants (collectively Defendants). The trial court granted the motion that day. In August 1999, Miller filed a motion to strike the Belcasters' second amended complaint, and Matthew filed a motion to dismiss. A hearing on these motions was held, and the trial court denied both motions. In November 2000, Dempsey and Fairfield filed a motion to compel discovery responses from the Belcasters. The trial court gave the Belcasters thirty days to respond, and they provided the discovery responses on December 26, 2000. Nearly ten months later, on October 11, 2001, Dempsey and Fairfield filed a Trial Rule 41(E) motion to dismiss for failure to prosecute. Eleven days later, the Belcasters filed a motion to set trial. On December 6, 2001, Miller and Matthew also filed a Trial Rule 41(E) motion to dismiss for failure to prosecute. Following a hearing, the trial court granted Defendants' motions to dismiss on December 21, 2001. The trial court's order stated in relevant part:

> No action has been taken by plaintiffs in this civil proceeding for a period of time far in excess of sixty days and plaintiffs have failed to show sufficient cause for the failure to prosecute this action; indeed, this cause reflects a pattern in which the catalyst for action to move this cause forward to a conclusion has resulted from the efforts of defendants, as opposed to the plaintiffs.... The motions to dismiss this cause filed by the respective defendants should be granted and this cause dismissed with prejudice.

Appellant's App. p. 134. The Belcasters filed a timely motion to correct errors,

which the trial court denied. This appeal ensued.

### Discussion and Decision

■ The Belcasters appeal the trial court's Trial Rule 41(E) dismissal of their lawsuit for failure to prosecute. Specifically, they contend that the trial court erred in dismissing their lawsuit because they moved the case forward by filing a motion to set the case for trial. We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Metcalf v. Estate of Hastings,* 726 N.E.2d 372, 373–74 (Ind.Ct. App.2000), *trans. denied; Hill v. Duckworth,* 679 N.E.2d 938, 939 (Ind.Ct.App. 1997). We will affirm if there is any evidence that supports the decision of the trial court. *Metcalf,* 726 N.E.2d at 374.

■ Trial Rule 41(E) provides in pertinent part:

> [W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

The purpose of this rule is "to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." *Benton v. Moore,* 622 N.E.2d 1002, 1006 (Ind.Ct.App. 1993), *reh'g denied.* "The burden of moving the litigation is upon the plaintiff, not

the court. It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so." *Id.* (quotation omitted). "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely." *Hill,* 679 N.E.2d at 939–40 (quotation omitted).

■ Courts of review generally balance several factors when determining whether a trial court abused its discretion in dismissing a case for failure to prosecute. These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. *Lee v. Friedman,* 637 N.E.2d 1318, 1320 (Ind.Ct.App.1994). "The weight any particular factor has in a particular case appears to depend upon the facts of that case." *Id.* However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay. *Id.*

■ Several of these factors favor the trial court's dismissal of the Belcasters'

lawsuit for failure to prosecute—most importantly, the length of the delay and the reason for the delay. First, the evidence shows that the Belcasters took no action in this case from December 2000, the day they responded to the trial court's order compelling them to provide discovery responses to Dempsey and Fairfield, to October 2001, the day they filed a motion to set trial in response to Dempsey and Fairfield's motion to dismiss for failure to prosecute. Thus, the length of the delay was approximately ten months. Second, the Belcasters provide no reason for this delay on appeal. Their only mention is one sentence in their brief, which provides that "the Belcasters cited sufficient cause why their action should not be dismissed." Appellant's Br. p. 17. However, they do not explain what that sufficient cause is. Third, the evidence shows that the Belcasters have a lengthy history of having deliberately proceeded in a dilatory fashion. In addition to the approximate ten-month delay preceding the trial court's dismissal, there were other periods of delay, one as long as eleven months, where no action was taken. Oftentimes, it was Defendants' efforts that moved the case forward. The trial court found as much when it stated, "[T]his cause reflects a pattern in which the catalyst for action to move this cause forward to a conclusion has resulted from the efforts of defendants, as opposed to the plaintiffs." Appellant's App. p. 134. Finally, the extent to which the Belcasters have been stirred into action by a threat of dismissal as opposed to diligence on their part is clear. After nearly ten months of no action, the Belcasters finally filed a motion to set trial just eleven days after Dempsey and Fairfield filed a motion to dismiss for failure to prosecute.

We also recognize that there are factors that favor allowing the Belcasters to prosecute their complaint. First, there is a preference for deciding cases on the merits. Second, there appears to be no degree of personal responsibility on the part of the Belcasters. Third, less drastic sanctions than dismissal were available to the trial court. However, on this point we note that this Court has held that "the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear." *Lee*, 637 N.E.2d at 1321. After balancing the factors favoring the trial court's dismissal with those favoring allowing the Belcasters to prosecute their complaint, we cannot conclude that the trial court clearly abused its discretion in dismissing the Belcasters' lawsuit nearly five years after it was filed for failure to prosecute.

■ Nevertheless, the Belcasters argue that the trial court erred in dismissing their complaint against Miller and Matthew because they filed their motion to set trial *before* Miller and Matthew filed their Trial Rule 41(E) motion to dismiss for failure to prosecute. In support, the Belcasters cite *Benton*. In *Benton*, this Court clarified "that to avoid a T.R. 41(E) dismissal, a plaintiff must resume prosecution before the *filing* of the T.R. 41(E) motion." 622 N.E.2d at 1005. The Belcasters point out that although Dempsey and Fairfield filed their Trial Rule 41(E) motion to dismiss for failure to prosecute before they filed their motion to set trial on October 22, 2001, Miller and Matthew did not file their Trial Rule 41(E) motion to dismiss for failure to prosecute until after they had moved to set trial.

We first observe that the issue in *Benton* was whether the trial court abused its discretion in dismissing the plaintiff's lawsuit because the plaintiff resumed prosecution after the defendant filed a Trial Rule 41(E) motion to dismiss for failure to prosecute but before the trial court ruled on

that motion. *Id.* Furthermore, *Benton* involved one defendant, not two sets of defendants as in this case. Because the purpose of Trial Rule 41(E) is to ensure that plaintiffs diligently pursue their claims, this purpose is fulfilled if one defendant files a motion to dismiss for failure to prosecute before a plaintiff resumes prosecution. Therefore, in lawsuits involving more than one defendant, trial courts do not need to separate the various defendants when determining whether the plaintiff resumed prosecution before the filing of a Trial Rule 41(E) motion to dismiss for failure to prosecute. The trial court did not abuse its discretion in dismissing the Belcasters' lawsuit against Miller and Matthew.[1]

Judgment affirmed.

BAKER and DARDEN, JJ., concur.

1. Miller and Matthew cross-appeal raising two issues. First, they contend that the Belcasters filed a praecipe, and not a Notice of Appeal as required by the Indiana Rules of Appellate Procedure; therefore, the Belcasters have forfeited their right to appeal. Although the present appellate rules, which have been in effect since January 1, 2001, provide that the praecipe is abolished and that a party initiates an appeal by filing a Notice of Appeal, we nevertheless conclude that the Belcasters substantially complied with the rules and therefore their appeal should not be dismissed on this ground. *See* Ind. Appellate Rule 9(A), 1. Second, Miller and Matthew contend that the trial court erred in denying Miller's motion for summary judgment. In light of our resolution of this case, we do not need to address this issue.