**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 22 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MARY K. WALLSKOG**
Portage, Indiana

ATTORNEYS FOR APPELLEE:

**RANDALL J. NYE**
**JULIE R. MURZYN**
O'Neill McFadden & Willett LLP
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARY K. WALLSKOG, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  45A03-1206-CT-256 |
| | ) | |
| ACS (AFFILIATED COMPUTER | ) | |
| SERVICES), et al., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Gerald N. Svetanoff, Judge
Cause No. 45D04-1011-CT-310

**May 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Mary Wallskog ("Wallskog") appeals the trial court's denial of her motion to correct error, which challenged the dismissal without prejudice of her claim against Jack Hyatte ("Hyatte") and Xerox Business Services, LLC, f/k/a Affiliated Computer Services ("XBS").[1] Wallskog presents several issues for our review, which we consolidate and restate as the single issue of whether the trial court erred in denying her motion to correct error following its dismissal without prejudice of her claim.[2]

We affirm.

## Facts and Procedural History

Wallskog worked for XBS at its office in Crown Point, Indiana. On November 10, 2010, Jack Hyatte ("Hyatte"), a recipient of state benefits administered by XBS, entered the office to protest the denial of his benefits, and allegedly stabbed Wallskog in the hand.

On November 15, 2010, Wallskog filed a pro se complaint alleging, inter alia, that Hyatte was able to attack her because of XBS's negligence. (Appellant's App. at 27-39.) On February 14, 2011, XBS filed a motion to compel arbitration, and a memorandum in support thereof.[3] (Appellee's App. at 15-28.)

---

[1] Affiliated Computer Services, Inc., a Xerox company, became Affiliated Computer Services, LLC on January 1, 2012, and subsequently changed its name on April 1, 2012, to Xerox Business Services, LLC. (Appellee's Br. at 1 n. 1.) We refer to Affiliated Computer Services, Inc., Affiliated Computer Services, LLC, and Xerox Business Services, LLC collectively as "XBS".

[2] Wallskog additionally contends that she has a constitutional right to proceed to trial pro se, of which she was deprived when the trial court dismissed her claim. However, our review of the record reveals that the trial court dismissed her action not because she chose to proceed pro se, which she certainly has a right to do, but because she failed to prosecute her claim.

[3] The record reveals that the trial court never rendered a decision on the motion to compel arbitration.

On April 5, 2011, Wallskog filed a motion for enlargement of time. On April 12, 2011, the trial court granted Wallskog's motion for enlargement of time, stating in relevant part:

> 2. Although the plaintiff was previously given time to and including April 18, 2011, within which to file a written response to the pending motion, it appears that she seeks to obtain the benefit of counsel in making her response.
>
> 3. The Court concludes that the plaintiff's request for time to and including May 18, 2011, should be granted with the understanding that in the event she fails to obtain counsel and make a timely response as extended by this order, then the Court will sua sponte make a determination with regard to the pending motion.

(Appellee's App. at 204-05.)

On May 17, 2011, attorney Bryan Bullock ("Bullock") entered an appearance on Wallskog's behalf. (Appellant's App. at 12.) Wallskog, by counsel, filed an amended complaint on June 24, 2011. (Appellant's App. at 12.) Citing difficulties communicating with Wallskog, Bullock filed a motion to withdraw on August 9, 2011, which the trial court granted the next day. (App. at 12, 190.)

Several months passed before Wallskog took further action on the case. (Appellant's App. at 11-12.) On November 28, 2011, XBS requested a status conference, which the trial court set for January 17, 2012. On January 17, 2012, Wallskog appeared for the status conference, again pro se. She explained: "I have talked to some attorneys. I was sick most of last year, and I have talked to different attorneys." (Appellant's App. at 191.) After further discussion, the court stated:

_____

(Appellant's App. at 11-14.)

3

Well, let me say this. If you're going to be serious about this case, I don't think you're going to be able to proceed on your own. You have the right to proceed on your own. But if you're going to be realistic about this case, it's not going to be a good result for you. Do you understand what I'm saying? And it would appear – it would appear just by the lapse of time from when your prior attorney withdrew until this date that you have not been successful, obviously, in getting an attorney to represent you.

(Appellant's App. at 193-94.) At the conclusion of the status conference, the trial court

stated:

All right. So we'll give you 30 days. Either you get an attorney who comes into the case and enters an appearance and indicates that he or she, whoever the attorney is, intends to continue to represent you in this case until its conclusion. And if you don't get someone who is admitted to practice law in the State of Indiana and is in good standing within that period of time, the case will be dismissed.

(Appellant's App. at 195-96.)

On February 17, 2012, Wallskog, still pro se, filed a motion to amend complaint, a motion to combine two complaints, a motion for summary judgment, and a response to XBS's motion to compel arbitration. On March 20, 2012, the trial court found that Wallskog had failed to retain an attorney, and dismissed her claim without prejudice. (Appellant's App. at 25.) On April 19, 2012, Wallskog filed a motion to correct error, which the trial court denied on May 4, 2012. (Appellant's App. at 26, 162-68.)

Wallskog now appeals.[4]

---

[4] Wallskog moves for leave to change and correct defects in her reply brief, and has tendered an Amended Reply Brief. In a separate order issued contemporaneously with this opinion, we grant Wallskog's motion.

4

## Discussion and Decision

### Dismissal

Wallskog contends that the trial court erred when it denied her motion to correct error following the dismissal of her claim. We generally review the denial of a motion to correct error for an abuse of discretion. Kornelik v. Mittal Steel USA, Inc., 952 N.E.2d 320, 324 (Ind. Ct. App. 2011), trans. denied. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. Hawkins v. Cannon, 826 N.E.2d 658, 661 (Ind. Ct. App. 2005), trans. denied.

The trial court, as best as we can discern, appears to have dismissed Wallskog's claim sua sponte for failure to prosecute. See Ind. Trial Rule 41(E). "We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it." Belcaster v. Miller, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), trans denied. "We will affirm if there is any evidence that supports the decision of the trial court." Id.

Trial Rule 41(E) provides:

[W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

T.R. 41(E).

The purpose of this rule is to ensure that plaintiffs will diligently pursue their claims. Belcaster, 785 N.E.2d at 1167. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push her case to resolution. Id. The burden of moving the litigation is upon the plaintiff, not the court, and it is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so. Id. Courts cannot be asked to carry cases on their dockets indefinitely, and the rights of the adverse party should also be considered. Id. The defendant should not be left with a lawsuit hanging over its head indefinitely. Id.

We "generally balance several factors when determining whether a trial court abused its discretion in dismissing a case for failure to prosecute." Id.

> These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of [her] attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

Id. The weight any particular factor has in a particular case may depend upon the facts of that case, but a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay. Id. Even lack of financial resources to pay legal fees, while a practical impediment to diligent prosecution of a lawsuit, may not be "sufficient justification for inaction so as to avoid the

6

rigors of T.R. 41(E)." Baker Mach., Inc. v. Superior Canopy Corp., 883 N.E.2d 818, 824 (Ind. Ct. App. 2008), trans. denied. Although dismissals are generally viewed with disfavor and are considered extreme remedies that should be granted only under limited circumstances, the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear. United Bhd. of Carpenters & Joiners of Am., Local Union No. 2371 v. Merch. Equip. Grp., Div. of Meg Mfg. Corp., 963 N.E.2d 602, 607 (Ind. Ct. App. 2012).

Here, Wallskog has shown little urgency in prosecuting her claim. Toward the beginning, she was granted two continuances, one to find an attorney. After Wallskog found an attorney, he withdrew from representing her due to difficulties communicating with her. Following her attorney's withdrawal, Wallskog took no action for almost five months, and then appeared only because a status conference was requested by XBS. While she filed several documents on February 17, 2012, this appears merely to be an attempt, at the eleventh hour, to forestall the dismissal of her case for failure to prosecute. Finally, the trial court dismissed Wallskog's claim without prejudice, which left her free to refile her complaint.

Based on the lapse of time, the trial court's interest in advancing its docket, XBS's interest in resolving its conflict with Wallskog, and Wallskog's dilatory conduct in the pursuit of her claim, we cannot conclude that the trial court abused its discretion when it dismissed without prejudice Wallskog's suit.

## Conclusion

The trial court was within its discretion when it dismissed Wallskog's claim for failure

to prosecute, and the court did not abuse its discretion when it denied her motion to correct error.

Affirmed.

NAJAM, J., and BARNES, J., concur.