**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**MASOUD AZIMI**
West Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**RAYMOND T. SEACH**
**ZACHARY T. LEE**
Riley Bennett & Egloff, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MASOUD AZIMI, | ) | |
| as Personal Representative of the Estate of | ) | |
| Amir Mansour Azimi-Zavarehee, deceased, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1305-CT-217 |
| | ) | |
| ANNE BECHMAN, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-0908-CT-87

**December 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Masoud Azimi ("Azimi") appeals the trial court's order dismissing his case against Anne Bechman ("Bechman") for damages resulting from the death of his brother, Amir Mansour Azimi-Zavarehee ("Amir") in an accident involving Bechman. He raises the following restated issue: whether the trial court abused its discretion when it dismissed his case under Indiana Trial Rule 41(E) for failure to prosecute and failure to comply with the applicable rules for more than sixty days.

We affirm.

## FACTS AND PROCEDURAL HISTORY

This case involves an accident that occurred on September 5, 2007 on the campus of Purdue University in West Lafayette, Indiana. On that date, Bechman and her cousin, Ashley Bechman ("Ashley"), had just attended a class on the Purdue campus. After the class ended, the two got into Bechman's Jeep automobile and drove to the McDonald's restaurant at the corner of State Street and River Road. After leaving McDonald's, Bechman drove west on State Street toward the Purdue Memorial Union. State Street is a four-lane road that has a median separating the two eastbound lanes from the two westbound lanes at the location relevant here. As Bechman approached the intersection of State Street and Sheetz Street, she was driving in the northern westbound lane. At that time, the vehicles in the southern westbound lane of State Street were stopped; however, the northern westbound lane was open, and Bechman and the other vehicles in it were proceeding.

2

As Bechman's Jeep approached the intersection, Amir was running north through the two eastbound lanes of State Street. He then crossed the median and continued running north into the westbound lanes. Amir ran through the stopped cars in the southern westbound lane, and without making sure that the northern westbound lane was clear, ran in front of Bechman's Jeep. Bechman did not see Amir until he darted from behind a large truck to her left. She attempted to stop, but was unable to avoid the collision. Amir was not in the crosswalk when the collision occurred. At the time of the accident, Bechman was traveling between twenty and twenty-five miles per hour in a thirty-mile-per-hour zone. Neither she nor Ashley was using a cell phone, and there was no evidence that she was violating any rule, law, or standard of care. Amir was treated for his injuries at a hospital and died six days later after being transferred to a rehabilitation facility.

On August 28, 2009, Azimi filed a complaint for the alleged wrongful death of an adult without dependents, or alternatively as a survival claim, against Bechman. At the time the complaint was filed, Azimi was represented by an attorney and continued to be for much of the duration of the case. During the pendency of this case, Azimi was warned at least twice prior to the appealed order that the case could be dismissed for failure to prosecute. On March 30, 2011, Bechman filed a motion for summary judgment. After three requested extensions of time to gather evidence to respond to the summary judgment motion, Azimi filed his response four months later; however, during that time, he did not depose any of Bechman's witnesses or present any evidence to show that Bechman was at fault for the accident. Bechman's summary judgment was denied by the trial court.

On September 7, 2012, Azimi's counsel notified the trial court that he would be moving to withdraw from the case, and a subsequent motion was filed with the trial court. Attached to the motion was a letter the attorney had written to Azimi warning him about the risk that, if Azimi failed to obtain new counsel or abide by the trial court's deadlines, the case could be dismissed for failure to prosecute. *Appellee's App*. at 75. On September 12, 2012, the trial court entered an order granting the motion to withdraw. Between September 12, 2012 and January 7, 2013, Azimi took no action to prosecute this case other than to inform the court that he was in the process of attempting to retain new counsel. On November 19, 2012, a status conference was held, and Azimi appeared pro se. The trial court reset the conference and informed Azimi that, if no counsel had appeared for him by then, the trial court may dismiss the case for lack of prosecution. *Id*. at 97. On January 7, 2013, another status conference was held, at which Azimi informed the trial court that he still had not retained counsel, and another status conference was scheduled.

On January 10, 2013, Bechman filed a motion to dismiss the case for failure to prosecute. On January 28, 2013, Azimi filed his response to the motion to dismiss, in which he claimed that Bechman and the other witnesses fabricated the evidence in this case, but presented no evidence to support his claims. He also raised claims that Bechman was at fault in the case because she was speeding, was in a hurry, and may have been distracted, but failed to present evidence to support these claims. A hearing on the motion to dismiss was held on February 19, 2013, and Azimi again appeared without counsel. On February 20, 2013, the trial court issued its order dismissing the case pursuant to Indiana Trial Rule 41(E). Azimi filed a motion to correct error, in which he again raised his claims

4

regarding Bechman's fault in the accident, but with no evidence supporting the claims. On April 9, 2013, the trial court denied the motion to correct error. Azimi now appeals.[1]

## DISCUSSION AND DECISION

We will reverse a trial court's dismissal of a cause of action under Indiana Trial Rule 41(E) only upon an abuse of discretion. *Ind. Dep't of Natural Res. v. Ritz*, 945 N.E.2d 209, 213 (Ind. Ct. App. 2011), *trans. denied*. An abuse of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances. *Id.* We will affirm the trial court if any evidence supports the trial court's decision. *Id.* However, "we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." *Rueth Dev. Co. v. Muenich,* 816 N.E.2d 880, 884 (Ind. Ct. App. 2004) (citing *Beemer v. Elskens,* 677 N.E.2d 1117, 1119 (Ind. Ct. App. 1997), *trans. denied*), *trans. denied*.

Azimi argues that the trial court abused its discretion when it dismissed his case against Bechman for failure to prosecute pursuant to Indiana Trial Rule 41(E). He contends that his case should not have been dismissed due to his lack of counsel because he could have proceeded pro se. He also claims that his case should not have been dismissed for failure to prosecute because he did not receive the full case file from his prior attorney until days before the January 7, 2013 court date. Azimi further asserts that it was Bechman who contributed to the delay in the case by filing for summary judgment on March 31, 2011.

Indiana Trial Rule 41(E) states:

---

[1] Bechman filed a motion to strike Azimi's reply brief and his supplemental appendix. As we are affirming the trial court's judgment, we deny the motion to strike as moot in a separately-issued order.

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

"The purpose of this rule is 'to ensure that plaintiffs will diligently pursue their claims,' and to provide 'an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution.'" *Olson v. Alick's Drugs, Inc.*, 863 N.E.2d 314, 319 (Ind. Ct. App. 2007) (quoting *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*), *trans. denied*. The burden of moving the litigation is upon the plaintiff, not the court. *Id.* It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so. *Id.* "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered." *Belcaster,* 785 N.E.2d at 1167 (quoting *Hill v. Duckworth,* 679 N.E.2d 938, 939-40 (Ind. Ct. App. 1997)). The defendant should not be left with a lawsuit hanging over his head indefinitely. *Id.*

We balance several factors when determining whether a trial court abused its discretion in dismissing a case for failure to prosecute. *Id.* (citing *Office Env'ts, Inc. v. Lake States Ins. Co.,* 833 N.E.2d 489, 494 (Ind. Ct. App. 2005)) These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the

6

presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. *Id.* at 319-20. The weight any particular factor has in a particular case depends on the facts of that case. *Id.* at 320.

In the present case, at the time that the trial court dismissed Azimi's case against Bechman, approximately three-and-a-half years had elapsed since he filed his complaint. However, the most significant time period for this appeal is the sixty days preceding the motion for dismissal. Azimi's counsel's motion to withdraw was granted on September 12, 2012, and between that date and January 7, 2013, no evidence was presented to show that Azimi took any substantive action to prosecute this case. The evidence showed that he took no action except to inform the trial court that he was in the process of attempting to retain new counsel. On November 19, 2012, Azimi appeared pro se at a status conference, and the trial court informed him that, if no counsel had appeared for him by the next conference, the trial court may dismiss the case for lack of prosecution. *Appellant's App*. at 97. On January 7, 2013, another status conference was held, at which Azimi informed the trial court that he still had not retained counsel, and another status conference was scheduled. At the time that Bechman filed her motion to dismiss, Azimi had still not retained new counsel.

In his motion in opposition to Bechman's motion to dismiss, Azimi failed to make any reference to Trial Rule 41(E), to obtaining new counsel, to proceeding pro se, or to explain his failure to prosecute the case for an extended period of time. He further failed to include in the record on appeal a transcript for the hearing on the motion to dismiss so there is no evidence that he presented any evidence regarding these things at the hearing. Instead, his opposition motion contained only his arguments about how Bechman and the other witnesses fabricated evidence and conjecture as to why Bechman was at fault for the accident.

In determining whether the trial court abused its discretion in dismissing a case, we consider several factors. Here, as to the length of the delay, at the time of dismissal, the case had been pending for over three years, and Azimi had not made any substantive action toward the prosecution of the case for several months. He stated that the reason for the delay was his desire to retain new counsel, but did not present any evidence that he was actively looking for a new attorney. He, therefore, bore significant personal responsibility for the delay from September to February, and such responsibility is not due to the acts of his attorney because he did not have one at that time. Such delay caused prejudice to the defendant because she has had the incident, which according to witness accounts was an unavoidable accident, hanging over her over five years. Additionally, according to the evidence, Azimi had previously received at least two warnings from the trial court and one warning from his previous attorney that the case could be dismissed for failure to prosecute, and he still failed to advance his case. This shows that it was unlikely that lesser sanctions would have been effective in spurring Azimi to present evidence to further the prosecution

8

of the case as he had been unable to during the pendency of the case. Although it is desirable to decide a case on its merits, we conclude that after considering all of the factors, the evidence supports the trial court's dismissal of Azimi's case pursuant to Indiana Trial Rule 41(E). The trial court did not abuse its discretion.

Affirmed.

ROBB, C.J., and RILEY, J., concur.