## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 03 2015, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patrick C. Badell
Rushville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carol Hanquier and Jose Hanquier, *Appellants,* <br><br> v. <br><br> Joseph Hall and Pekin Insurance, *Appellees* | March 3, 2015 <br><br> Court of Appeals Case No. 55A05-1408-CT-375 <br><br> Appeal from the Morgan Circuit Court. <br> The Honorable Matthew G. Hanson, Judge. <br> Cause No. 55C01-1006-CT-648 |

**Baker, Judge.**

Carol and Jose Hanquier appeal the trial court's order dismissing their complaint against Joseph Hall and Pekin Insurance. The trial court dismissed their complaint sua sponte pursuant to Trial Rule 41(E) without scheduling or holding a hearing on the matter. Finding that it was erroneous to dismiss the complaint without holding a hearing, we reverse and remand.

## Facts

In June 2010, the Hanquiers filed a complaint against Hall and Pekin Insurance. The case was set for a pretrial hearing on June 5, 2014, and for a jury trial on June 16, 2014. On June 4, 2014, attorney Patrick Badell contacted John Richards, attorney for Joseph Hall. Badell told Richards that he had been retained by the Hanquiers, previously pro se, in this matter but would be unable to attend the June 5 pretrial hearing and had not yet filed an appearance.

At the June 5, 2014, pretrial hearing, Richards conveyed to the trial court that Badell had been retained but was unable to attend the hearing because of prior commitments. Richards told the court that he did not object to a continuance of the trial date to give Badell time to become familiar with the case.[1] The trial judge himself was also unavailable for the June 16 trial date.

Richards and the attorney for Pekin Insurance asked that the trial court set the matter for a Trial Rule 41(E) hearing, at which time argument could be heard

---

[1] We commend attorney Richards for the collegiality and professionalism he exhibited at the June 5, 2014, pretrial hearing.

and evidence could be presented regarding dismissal of the complaint. Richards explicitly told the trial court that he was "reluctant" to request dismissal at the pretrial hearing and instead asked that another pretrial hearing and a Trial Rule 41(E) hearing be set. Appellant's App. p. 13-14. At the close of the hearing, the trial court sua sponte dismissed the complaint for "failure to prosecute." *Id.* at 16.

## Discussion and Decision

Trial Rule 41(E) provides that "when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion *shall order a hearing* for the purpose of dismissing such a case." (Emphasis added.) The plain language of the rule requires that a hearing be held before a case is dismissed for failure to prosecute. *See also Rumfelt v. Himes*, 438 N.E.2d 980, 983-84 (Ind. 1982) (finding that trial court erred by dismissing complaint without ordering a hearing because "Trial Rule 41(E) clearly requires a hearing on a motion to dismiss"); *Browning v. Walters*, 620 N.E.2d 28, 32 (Ind. Ct. App. 1993) ("Trial Rule 41(E) requires the court to order a hearing for the purpose of dismissing the case before it can dismiss the action with prejudice").

When reviewing a dismissal for failure to prosecute, we must determine whether the trial court abused its discretion. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003). To make this determination, multiple factors must be considered:

(1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

*Id.* In this case, because no hearing was held, there is no evidence in the record whatsoever regarding any of these factors. We find that the trial court erred as a matter of law by dismissing the complaint for failure to prosecute without first holding a hearing on the issue.

[7] The judgment of the trial court is reversed and remanded for further proceedings.

Vaidik, C.J., and Riley, J., concur.