## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 19 2017, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jonathan A. Watson
Anderson, Agostino & Keller, P.C.
South Bend, Indiana

ATTORNEY FOR APPELLEE

Kristin R. Fox
Fox Law Firm
Mishawaka, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devetta Myers n/k/a Devetta Farrow,

*Appellant-Defendant/Counter-Plaintiff,*

v.

Chad Smith d/b/a Simple Home Improvements,

*Appellee-Plaintiff/Counter-Defendant,*

and

Michael Smith d/b/a Home Connection,

*Appellee/Third-Party Defendant*

May 19, 2017

Court of Appeals Case No.
71A03-1609-CC-2206

Appeal from the St. Joseph
Superior Court

The Honorable Jenny Pitts Manier,
Judge

Trial Court Cause No.
71D05-1012-CC-1324

**Crone, Judge.**

# Case Summary

[1]     In 2010, Chad Smith d/b/a Simple Home Improvements ("Smith") filed an action against Devetta Myers n/k/a Devetta Farrow ("Farrow") on multiple legal theories including foreclosure of a mechanic's lien and breach of contract based upon work, labor, and material Smith provided to Farrow for the rebuilding of a porch on a home she owned in St. Joseph County. Farrow subsequently filed a counterclaim against Smith and a third-party complaint against her prior contractor, Michael Smith d/b/a Home Connection ("Third-Party Defendant"), regarding separate work performed on the home. In 2016, after numerous discovery violations, violations of court orders, and other delays caused by Farrow, as well as a period of more than sixty days during which Farrow took no action on her claims, the trial court dismissed Farrow's counterclaim and third-party complaint with prejudice pursuant to Indiana Trial Rule 41(E). Farrow now appeals claiming that the trial court abused its discretion in doing so. Finding no abuse of discretion, we affirm.

# Facts and Procedural History[1]

[2]     Beginning in October 2009, Smith performed construction work on property owned by Farrow pursuant to a written contract between the parties. When the work was completed, Farrow disagreed with the amount to be paid and did not

---

[1] Farrow has provided us with a sparse record on appeal that contains virtually no factual background on this case or the course of the proceedings. Accordingly, much of the following facts and procedural history are based on the statement of the case section of Smith's appellee's brief. Farrow does not dispute the accuracy of the information provided by Smith.

pay the amount billed by Smith. Accordingly, Smith filed a mechanic's lien against the property on October 10, 2010. Two months later, Smith filed suit against Farrow for foreclosure on the mechanic's lien, breach of contract, complaint on account, unjust enrichment, and quantum meruit. Smith subsequently filed a motion for default judgment against Farrow. In January 2011, the trial court entered a default judgment against Farrow for $8458.32 plus costs.

[3] In February 2011, Farrow moved to set aside the default judgment asserting that she did not receive actual notice of the action. The trial court granted Farrow's motion and set aside the default judgment. Thereafter, Farrow filed a counterclaim against Smith and a third-party complaint for breach of contract against Third-Party Defendant.

[4] The case did not proceed swiftly from there. Smith was forced to file numerous motions to compel against Farrow for discovery violations. The trial court granted many of those motions, issued orders to compel, and repeatedly sanctioned Farrow for her disregard of the trial rules and the court's orders. Smith was required to institute proceedings supplemental on more than one occasion due to Farrow's failure to pay the sanction judgments. In addition to requesting monetary sanctions, Smith also filed multiple motions requesting dismissal of Farrow's counterclaim as a sanction. The trial court denied those motions but warned Farrow that her continued failure to comply with court orders could result in dismissal of her counterclaim and third-party complaint. Scheduled trial dates continually had to be reset due to Farrow's failure to

comply with discovery and, in 2015, Farrow failed to appear for a scheduled pre-trial conference hearing.

[5]    Finally, in July 2016, after a lengthy period of inactivity on the case, the trial court issued a notice of a pretrial conference hearing to be held on August 3, 2016. The day before the hearing, Smith's counsel called Farrow's counsel's office twice leaving messages with the receptionist and also leaving voicemail messages for counsel about wanting to discuss a possible agreement between the parties before the August 3 hearing. Smith's counsel also provided Farrow's counsel three emails about wanting to avoid the necessity of the hearing. Farrow's counsel did not respond to Smith's counsel. The following day, Smith appeared in person and by counsel, and Third-Party Defendant appeared in person and pro se, at the pretrial conference hearing. Neither Farrow nor her counsel appeared. Smith asked for a trial date on his complaint for January 12, 2017, and made an oral motion for dismissal of Farrow's counterclaim for failure to prosecute pursuant to Indiana Trial Rule 41(E). Third-Party Defendant also made an oral motion for dismissal of Farrow's third-party complaint pursuant to Trial Rule 41(E). The trial court took the matter under advisement and later issued the following order:

> It appearing to the Court that no action has been taken by Counter Plaintiff/Third[-]Party Plaintiff on her claims for more than sixty (60) days, the Court now orders Counter Plaintiff/Third Party Plaintiff to appear on the 31[st] day of August, 2016 at 9:00 A.M. and show cause why her Counterclaim and her Third[-]Party Complaint should not be dismissed.

Appellant's App. at 22.

[6] Farrow's counsel responded with a "Motion to Set Matter for Trial and Notification of Lack of Service" indicating that he did not have notice of the August 3 pretrial conference hearing because the notice was inadvertently sent by the court to Farrow's former attorney. Farrow's counsel further requested the court to set a trial date of January 12, 2017, for Farrow's counterclaim and third-party complaint. *Id*. at 24. Farrow's counsel also filed a motion requesting the trial court to order Smith to amend his complaint to add an additional party, and served discovery on Smith even though discovery had previously been ordered concluded by the trial court.

[7] On August 31, 2016, the trial court held its rule to show cause hearing on Smith's and Third-Party Defendant's Trial Rule 41(E) motions to dismiss, as well as related matters. During the hearing, the trial court questioned Farrow's counsel regarding his alleged lack of service regarding the notice of the August 3, 2016, pretrial conference for which he and Farrow failed to appear. Farrow's counsel admitted that despite the lack of service of the notice by the court, he did have actual notice of the hearing and planned to attend but that he "got stuck … on [his] way" to the hearing and missed it. Tr. at 11. Finding counsel's motion alleging lack of service misleading, and his subsequent explanation for his absence disingenuous, and further concluding that "numerous delays in this case" had been caused by Farrow's violation of discovery rules and noncompliance with court orders, the trial court dismissed

Farrow's counterclaim and third-party complaint with prejudice. Appellant's App. Vol. 2 at 21. This appeal ensued.[2]

## Discussion and Decision

[8] Farrow appeals the trial court's dismissal of her counterclaim and third-party complaint pursuant to Indiana Trial Rule 41(E). A trial court's ruling on a Trial Rule 41(E) motion to dismiss is reviewed for an abuse of discretion. *Ind. Dep't of Nat. Res. v. Ritz*, 945 N.E.2d 209, 213 (Ind. Ct. App. 2011), *trans. denied*. The trial court abuses its discretion when its decision is against the logic and effect of the facts and circumstances before it. *Id.* On appeal, we will affirm the trial court if any evidence supports its decision. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*.

[9] Trial Rule 41(E) provides in relevant part,

> **Failure to prosecute civil actions or comply with rules**.
> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

"The purpose of this rule is to ensure that plaintiffs diligently pursue their claims and to provide an enforcement mechanism whereby a defendant, or the

---

[2] Third-Party Defendant did not file a brief in this appeal.

court, can force a recalcitrant plaintiff to push his case to resolution." *Olson v. Alick's Drugs, Inc.*, 863 N.E.2d 314, 319 (Ind. Ct. App. 2007) (citation and quotation marks omitted), *trans. denied.* Indeed, the burden of moving the litigation forward is on the plaintiff, not the court or the defendant. *Id.* Trial Rule 41(E) grants the trial court discretion to dismiss a case for failure to prosecute and for violations of trial rules and orders of the court entered pursuant to the trial rules. *See Wright v. Miller*, 989 N.E.2d 324, 328 (Ind. 2013) (citing *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993)). "[W]hile the trial courts generally 'fashion progressive sanctions leading up to a dismissal or default judgment when it is possible to do so, imposing intermediate sanctions is not obligatory when a party's behavior is particularly egregious.'" *Id.* (quoting *Whitaker v. Becker*, 960 N.E.2d 111, 115 (Ind. 2012)). Stated another way, "the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear." *Lee v. Friedman*, 637 N.E.2d 1318, 1321 (Ind. Ct. App. 1994).

[10] In determining whether a trial court abused its discretion in dismissing an action pursuant to Trial Rule 41(E), we generally consider several factors including,

> (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal

which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

*Belcaster*, 785 N.E.2d at 1167.[3] The weight any particular factor has in a case depends on the facts. *Id.*

[11] Here, the underlying claim in this case was filed in 2010, Farrow's counterclaim and third-party complaint were filed in 2011, and the matters have been pending before the trial court for more than five years. Farrow concedes that she played a part in a recent six-month period of inactivity in the case, and that "nothing of substance occurred" from January to July 2016, simply because "[b]oth parties were dilatory – neither conducted discovery, filed any motions, or sought hearings." Appellant's Br. at 5. She argues that because "the only remaining matter outstanding was a trial date … the parties were either equally prejudice[d], or not at all" by any delay in her prosecuting her claims and thus, the trial court's dismissal of those claims was "too drastic." *Id.* at 9, 14. These arguments downplay Farrow's behavior and ignore the multitude of events leading up to the trial court's determination that dismissal of her claims was warranted.

---

[3] Our supreme court has noted that this analysis is applicable only to dismissals under Trial Rule 41(E) for failure to prosecute and not to dismissals for failure to comply with the trial rules and orders of the court, including discovery violations. *See Wright*, 989 N.E.2d at 328 n.4. Here, the trial court's dismissal appears based both on Farrow's failure to prosecute and on her violations of court orders and discovery violations. Thus, we will consider the factors.

[12] The record indicates that Smith, Third-Party Defendant, and the trial court have tried to move this case along in an orderly fashion, only to be constantly and consistently interrupted by delays caused by Farrow. Her numerous discovery violations, noncompliance with court orders, and failures to appear frustrated the process and caused the court to continually reset scheduled trial dates. The trial court warned Farrow and attempted less drastic measures than dismissal of her claims on several occasions, apparently to no avail. After a recent period of inactivity, and in a final attempt to get all pending matters resolved, the trial court issued a notice ordering the parties to appear before the court on August 3, 2016. Neither Farrow nor her attorney appeared, and the trial court found counsel's subsequent explanation for failing to appear and for causing yet another delay to be lacking in "candor" and "disingenuous, at best." Appellant's App. Vol. 2 at 20. Indeed, it was not until the trial court issued its rule to show cause why her claims should not be dismissed that Farrow was finally stirred into action, as opposed to her diligently pursuing her claims.

[13] It is unquestionable that Farrow's repeated discovery violations and lengthy history of having deliberately proceeded in a dilatory fashion weighs heavily in favor of the trial court's determination that a Trial Rule 41(E) dismissal was warranted. Based upon the facts presented, we cannot say that the trial court's dismissal of Farrow's counterclaim and third-party complaint is against the logic and effect of the facts and circumstances before the court. Therefore, we affirm.

Affirmed.

Baker, J., and Barnes, J., concur.