## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 02 2020, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin L. Martin
Westville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin L. Martin, | July 2, 2020 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 20A-CT-464 |
| v. | Appeal from the Sullivan Circuit Court |
| Prison Guards Wabash Valley Correctional Facility,[1] | The Honorable Robert E. Hunley, Judge |
| *Appellees-Defendants.* | Trial Court Cause No. 77C01-1710-CT-628 |

**Mathias, Judge.**

---

[1] In the initial action below, Martin named several Westville Correctional Facility employees or guards as defendants by first name, last name, nickname, or some combination thereof. On appeal, Martin only names "McLoud" as the appellee; however, for consistency, we use the same caption as the trial court.

[1] Kevin Martin ("Martin") appeals pro se the Sullivan Circuit Court's order dismissing his complaint against several employees of the Westville Correctional Facility ("WCF") pursuant to Trial Rule 41(E).

[2] We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] Martin is incarcerated at the WCF. In October 2017, Martin filed a pro se complaint against several WCF employees alleging violations of fundamental and constitutional rights.[2] On November 2, 2017, the trial court granted Martin's motion to waive the filing fee. The court also ordered Martin to "provide the correct amount of summons and copies of the complaint to the Clerk[.]" Appellant's App. p. 3.

[4] Martin failed to provide the summons and copies of his complaint as ordered, and the WCF employees were not served. However, in April 2018, Martin filed documents with the trial court[3] concerning requests he made to a WCF library employee in November 2017 for copies of his complaint and summons. The employee noted that she "contacted the Clerk of the Court in Sullivan [County]. She explained to me that they only need the original. If the court

---

[2] Martin did not include a copy of his complaint in his Appendix as required by Indiana Appellate Rule 50(f). We assume that Martin correctly stated the nature of his complaint in his Appellant's Brief.

[3] These documents are file stamped "April 11, 2018" by the Sullivan Circuit Court Clerk. However, there is no notation on the chronological case summary indicating that anything was filed on or near that date. Appellant's App. p. 4.

accepts the case, the Clerk will provide the necessary copies to the [Department of Correction] Defendant." Appellant's App. p. 7.

[5] Martin made another request for copies of his complaint and summons in December 2017. On the request, the WCF library employee noted that she has "addressed this many times. The Clerk told me only send original, any copies sent by offenders are discarded. The Clerk makes any necessary copies from the originals. Contact the Court for any further inquiries in this matter." *Id*. at 8. Martin did not provide a copy of the trial court's November 2, 2017 order to the WCF library employee until after he made the December 2017 request for the copies of his complaint and summons. *Id*. at 9-11.

[6] It appears that Martin attempted to appeal the trial court's November 2, 2017, order. *Id*. at 3–4. The appeal was dismissed with prejudice. Martin filed a petition to transfer to the Indiana Supreme Court. His petition was denied on September 27, 2018. Martin's case was inadvertently removed from the trial court's active docket and was reinstated on October 31, 2019.

[7] On January 23, 2020, the trial court sua sponte dismissed Martin's complaint pursuant to Trial Rule 41(E). *Id*. The trial court did not hold a hearing before dismissing the complaint. Martin now appeals.[4]

---

[4] Martin did not serve his notice of appeal on the Appellees-Defendants as required in Appellate Rule 24(A). Martin's appellate brief contains a certificate of service for the Indiana Attorney General. The Attorney General never filed an appearance in this matter. On the record before us, we are uncertain whether the Attorney General's office had actual notice of this appeal.

## Discussion and Decision

[8] Martin appeals the Trial Rule 41(E) dismissal of his complaint. Rule 41(E) provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, *the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case*. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

(Emphasis added).

[9] "[W]e will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it." *Petrovski v. Neiswinger*, 85 N.E.3d 922, 924 (Ind. Ct. App. 2017). "We will affirm if there is any evidence that supports the decision of the trial court." *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*.

[10] The purpose of Trial Rule 41(E) is "'to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution.'" *Id.* at 1167 (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind.

Ct. App. 1993)). "The plaintiff bears the burden of moving the litigation and the trial court has no duty to urge or require counsel to go to trial, even where it would be within the court's power to do so." *Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004). "'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely.'" *Belcaster*, 785 N.E.2d at 1167 (quoting *Hill v. Duckworth*, 679 N.E.2d 938, 939–40 (Ind. Ct. App. 1997)). However, we "view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." *Caruthers v. State*, 58 N.E. 3d 207, 211 (Ind. Ct. App. 2016) (citing *Am. Family Ins. Co. ex rel. Shafer v. Beazer Homes Indiana, LLP*, 929 N.E.2d 853, 857 (Ind. Ct. App. 2010)).

[11] Trial Rule 41(E) requires a hearing, and dismissing a case without holding the required hearing is improper. *See Wright v. Miller*, 989 N.E.2d 324, 328 n.3 (Ind. 2013*); Rumfelt v. Himes*, 438 N.E.2d 980, 983–94 (Ind. 1982); *Caruthers*, 58 N.E. 3d at 211; *Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 400 (Ind. Ct. App. 1997), *trans. denied*. Here, the trial court failed to hold the required hearing and dismissed Martin's case without any notice to Martin to provide him with the opportunity to show cause why his complaint should not be dismissed.

[12] It is evident that Martin has not complied with certain trial and appellate rules in these proceedings. It is well settled that pro se litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

Failure to comply with the Indiana Rules of Appellate Procedure may result in waiver of the issues presented where violation of the rules "substantially impedes our ability to determine and review the issues alleged." *See Martin v. Brown, et al.*, 129 N.E.3d 283 (Ind. Ct. App. 2019) (citing *In re Moeder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015) (waiving claims on appeal when violations of Appellate Rules impeded ability to review), *trans. denied*). In fact, in other pro se appeals, Martin's failure to follow the Appellate Rules has led to either dismissal of his appeal or affirmation of the trial court's order dismissing his complaint. *See id.* at 286; *Martin v. Gilbert, et al.*, 18A-CT-2095, 2019 WL 2363327 (Ind. Ct. App. June 5, 2019) (affirmed dismissal of complaint based on violations of Indiana Rules of Appellate Procedure), *trans. denied*; 18A-CT-2940, *Martin v. Brown, et al.*, 2019 WL 1217796, (Ind. Ct. App. March 15, 2019) (affirmed dismissal of complaint based on violations of Indiana Rules of Appellate Procedure), *trans. denied*; *Martin v. Howe, et al.*, 18A-CT-680, 2018 WL 5956300, (Ind. Ct. App. November 14, 2018) (dismissal of appeal based, in part, on Martin's failure to make a cogent argument), *trans. denied*.

[13]   However, in this case, the record provided establishes that Martin's case was dismissed pursuant to Rule 41(E) without the required hearing. Moreover, it appears that Martin attempted to comply with the trial court's November 2, 2017 order but was unable to obtain the required copies of his complaint and summons because he is incarcerated. Finally, in his brief, Martin argues that the trial court erred when it dismissed his complaint without holding a hearing,

which, as explained above, is the accurate reading of Trial Rule 41(E). Appellant's Br. at 10.

## Conclusion

Under the unique circumstances presented in this case, we conclude that the trial court erred when it dismissed Martin's complaint without holding the required hearing pursuant to Trial Rule 41(E). We therefore reverse the trial court's order dismissing Martin's complaint and remand for either a Trial Rule 41(E) hearing or reinstatement of his case. *See Caruthers*, 58 N.E.3d at 214.

Reversed and remanded for proceedings consistent with this opinion.

Riley, J., and Tavitas, J., concur.