

FILED

Oct 27 2017, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Andrew A. Crosmer
Daniel J. Zlatic
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEY FOR APPELLEE

Yolanda Cardona
Employees of the Corporate Law
Department
State Farm Mutual Automobile
Insurance Company
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tony Petrovski,

*Appellant-Defendant,*

v.

Robert Neiswinger,

*Appellee-Plaintiff.*

October 27, 2017

Court of Appeals Case No.
45A03-1706-CT-1412

Appeal from the Lake Circuit
Court

The Honorable Marissa J.
McDermott, Judge

Trial Court Cause No.
45C01-1504-CT-60

**Vaidik, Chief Judge.**

# Case Summary

[1] Following a car accident, Tony Petrovski retained attorney Samuel G.

Vazanellis to represent him. Attorney Vazanellis filed the complaint one day

before the statute-of-limitations period expired but did not serve the defendant. Once a month, Petrovski called Attorney Vazanellis to check on the status of his case, but Attorney Vazanellis never responded. Sixteen months after the complaint was filed, the Indiana Supreme Court suspended Attorney Vazanellis from the practice of law. Petrovski found out about the suspension several months later and hired new counsel, who then served the defendant. The defendant filed a motion to dismiss pursuant to Indiana Trial Rule 41(E) for failure to prosecute, which the trial court granted. The trial court indicated that its dismissal was "without prejudice," but because the statute-of-limitations period had expired, Petrovski was barred from refiling.

[2] Petrovski now appeals, arguing that the trial court erred in dismissing his complaint for failure to prosecute. Under the unique facts of this case, in particular Attorney Vazanellis's complete abdication of his duties as an Indiana attorney and Petrovski's inability to refile, we conclude that the trial court erred in dismissing Petrovski's complaint. We therefore reverse and remand.

## Facts and Procedural History

[3] Petrovski and Robert Neiswinger were involved in a car accident on April 17, 2013, in Lake County. Petrovski retained Attorney Vazanellis to represent him. Shortly after the accident, on April 29, Attorney Vazanellis faxed a letter to State Farm, Neiswinger's insurer, stating that Neiswinger caused the accident and that Petrovski was being treated for his injuries. Attorney Vazanellis also requested a copy of Neiswinger's insurance policy. The next day, State Farm

responded to Attorney Vazanellis, indicating that it was "handling your client's third party injury claim and will update our records to reflect your representation." Appellant's App. Vol. II p. 23.

[4] On April 16, 2015—the day before the two-year statute-of-limitations period was set to expire—Petrovski, represented by Attorney Vazanellis, filed a complaint against Neiswinger. Attorney Vazanellis attempted to serve Neiswinger by certified mail on May 5, but it was returned on May 22 as "unsuccessful." *Id.* at 6. Attorney Vazanellis did not attempt to re-serve Neiswinger.

[5] According to Petrovski, he heard nothing about the status of his case "for months." *Id.* at 42. "After some time," Petrovski decided to contact Attorney Vazanellis. *Id.* "Throughout 2016" Petrovski called Attorney Vazanellis "about once a month," but Attorney Vazanellis "never responded to any of [his] inquiries." *Id.*

[6] On August 25, 2016, about sixteen months after Petrovski's complaint was filed, the Indiana Supreme Court suspended Attorney Vazanellis from the practice of law effective immediately. *See In re Samuel G. Vazanellis*, No. 45S00-1606-DI-330 (Ind. Aug. 25, 2016); *see also In re Vazanellis*, No. 45S00-1606-DI-330 (Ind. Feb. 27, 2017) (making suspension indefinite).

[7] According to Petrovski, in December 2016 a lawyer in Attorney Vazanellis's law firm told him that Attorney Vazanellis had been suspended. That lawyer then referred Petrovski to new counsel.

[8] In January 2017, Petrovski retained new counsel, Andrew Crosmer, to take over his case. On January 20, Attorney Crosmer filed a motion to substitute counsel, an appearance, and an alias summons. Around the same time, Neiswinger and State Farm learned, for the first time, about the lawsuit. On January 26, an attorney entered an appearance on behalf of Neiswinger and filed a motion to dismiss the complaint pursuant to Indiana Trial Rule 41(E) for failure to prosecute. Neiswinger was served with the complaint and alias summons on February 17, about twenty-two months after the complaint was filed. Following a hearing,[1] the trial court, in a two-sentence order, dismissed the complaint for failure to prosecute "without prejudice."[2] Appellee's App. Vol. II p. 2.

[9] Petrovski now appeals.

---

[1] According to the Notice of Completion of Clerk's Record, Petrovski did not request a transcript of the hearing.

[2] Neiswinger also moved to dismiss the complaint pursuant to Indiana Trial Rule 12(B)(5) based on insufficiency of service of process, and the trial court granted the motion on this ground as well. *See* Appellee's App. Vol. II p. 2. According to the parties, the trial court relied on Federal Rule of Civil Procedure 4(m) in some respect. This rule provides that if the defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time. Because we were not provided with the transcript of the hearing, we do not know the extent to which the trial court relied on this rule. In any event, we note that Indiana's trial rules do not contain the equivalent to Federal Rule of Civil Procedure 4(m). *See Raisor v. Jimmie's Raceway Pub, Inc.*, 946 N.E.2d 72, 77, 78 n.1 (Ind. Ct. App. 2011); 2 William F. Harvey & Stephen E. Arthur, *Indiana Practice: Rules of Procedure Annotated*, § 15 (3d ed. Supp. 2016-17) ("Indiana does not have the service of process provisions found in F.R.C.P. 4(m)."). Accordingly, because Neiswinger was ultimately served on February 17, 2017, we do not affirm the trial court's dismissal based on Trial Rule 12(B)(5). Moreover, Neiswinger's only argument on appeal is that the trial court properly dismissed the complaint pursuant to Trial Rule 41(E).

# Discussion and Decision

[10] Petrovski contends that the trial court abused its discretion in granting Neiswinger's Trial Rule 41(E) motion to dismiss for failure to prosecute. We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*. Trial Rule 41(E) provides in pertinent part:

> [W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

[11] "The purpose of this rule is to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." *Belcaster*, 785 N.E.2d at 1167 (quotation omitted). The burden of moving the litigation forward is upon the plaintiff, not the court. *Id.* "It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so." *Id.* (quotation omitted). "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The adverse party] should not be left with a lawsuit hanging over his head indefinitely." *Id.*; *see also*

*Geiger & Peters, Inc. v. Am. Fletcher Nat'l Bank & Tr. Co.*, 428 N.E.2d 1279, 1283 (Ind. Ct. App. 1981) ("T.R. 41(E) is an adequate mechanism for dismissing a cause of action in which the complaint is timely filed but service of summons is not perfected for an unreasonable length of time without just cause.").

[12] In Indiana, courts must balance nine factors when determining whether to dismiss a case for failure to prosecute: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. *Belcaster*, 785 N.E.2d at 1167. "The weight any particular factor has in a particular case appears to depend upon the facts of that case." *Id. (*quotation omitted). Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanction of dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Caruthers v. State*, 58 N.E.3d 207, 211 (Ind. Ct. App. 2016).

[13] There was no activity on the docket in this case from May 22, 2015, when service was returned as "unsuccessful," until January 20, 2017, when Attorney

Crosmer filed a motion to substitute counsel, an appearance, and an alias summons. This is a period of approximately twenty months. Although this is a long period of time, Neiswinger did not know about the lawsuit during this time because he had not been served; therefore, he did not have a lawsuit "hanging over his head." Factor 1 favors dismissal of the complaint for failure to prosecute, but only slightly.

[14] The reason for the delay is that Attorney Vazanellis took no action in this case—either negligently, lazily, or intentionally—and never informed Petrovski that he was not taking any action. In fact, on August 25, 2016, the Indiana Supreme Court suspended Attorney Vazanellis from the practice of law. When Petrovski learned about Attorney Vazanellis's suspension in December 2016, he retained new counsel in January 2017. Although Petrovski had called Attorney Vazanellis "about once a month" throughout 2016 to check on the status of his case, he could have done more when he did not hear back from him. That is, Petrovski could have visited Vazanellis's law firm in person, called or visited the court or its clerk's office, contacted another attorney or employee at Attorney Vazanellis's firm, or retained another attorney sooner. Because the general rule is that a client is bound by his attorney's actions and inactions, *see McKinley, Inc. v. Skyllas*, 77 N.E.3d 818, 823 (Ind. Ct. App. 2017) (in a case also involving Attorney Vazanellis, concluding that Attorney Vazanellis's "misconduct, while deplorable, was attributable to his client for purposes of Trial Rule 60(B)"), *trans. denied*, Factors 2-4 weigh in favor of dismissing the complaint for failure to prosecute.

[15] But the remaining factors, 5-9, favor allowing Petrovski to prosecute his complaint. Neiswinger claims that the prejudice to him is "inherent[]" due to the passage of time, but he cites no evidence that he has been prejudiced, such as the unavailability of a specific witness. Appellee's Br. p. 13. Although Neiswinger claims that he and State Farm learned about the lawsuit for the first time in January 2017, State Farm knew that Petrovski retained counsel less than two weeks after the accident, which lessens any claim of prejudice. In addition, there is only one period of delay (albeit a long one) in this case, and once Petrovski got a handle on the situation, he retained new counsel, who filed an appearance and put things in motion. Notably, Petrovski acted **before** Neiswinger filed the motion to dismiss. Finally, there is a clear preference for deciding cases on the merits. Although the trial court dismissed Petrovski's complaint "without prejudice," Appellee's App. Vol. II p. 2, because the statute-of-limitations period in this case had already expired, Petrovski was unable to refile the complaint. *See* Appellant's Br. 9. Accordingly, the trial court's dismissal operated as a dismissal with prejudice.

[16] In sum, the weight any factor has depends upon the facts of the case. And given the unique facts in this case, we find that the extreme remedy of dismissal is not warranted. Accordingly, we conclude that the trial court abused its discretion in granting Neiswinger's Trial Rule 41(E) motion to dismiss for failure to prosecute.

[17] Reversed and remanded.

Mathias, J., and Crone, J., concur.