# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 25 2018, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Matthew J. Elkin
Kokomo, Indiana

ATTORNEYS FOR APPELLEE AGRICOR, INC.

H. Joseph Certain
Adrienne Rines
Kiley, Harker & Certain
Marion, Indiana

ATTORNEY FOR APPELLEE STEINBERGER CONSTRUCTION, INC.

Rebecca Maas
Smith Fisher Maas Howard & Lloyd, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE E&B PAVING, INC.

Bruce P. Clark
Bruce P. Clark & Associates
St. John, Indiana

ATTORNEY FOR APPELLEE KEITH SULLIVAN EXCAVATING, INC.

Richard McMinn
The Law Offices of the Liberty Mutual Group
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Teresa Parnell and Patrick Parnell,

*Appellants-Plaintiffs,*

v.

Agricor, Inc., Steinberger Construction, Inc., E&B Paving, Inc., and Keith Sullivan Excavating, Inc.,

*Appellees-Defendants*

July 25, 2018

Court of Appeals Case No. 18A-CT-399

Appeal from the Grant Superior Court

The Honorable Warren Haas, Judge

Trial Court Cause No. 27D03-1502-CT-14

**Crone, Judge.**

## Case Summary

[1] Teresa and Patrick Parnell (collectively "the Parnells") filed a negligence action against Agricor, Inc. ("Agricor"), Steinberger Construction, Inc. (Steinberger"), E&B Paving, Inc. ("E&B"), and Keith Sullivan Excavating, Inc. ("Sullivan") (collectively "Appellees"), stemming from water damage to their home allegedly attributable to negligent work that Appellees provided on an adjacent property. Two years later, the trial court dismissed the action for failure to

prosecute, pursuant to Indiana Trial Rule 41(E). The Parnells now appeal, claiming that the trial court abused its discretion in doing so. Concluding that the trial court acted within its discretion in dismissing the Parnells' action, we affirm.

## Facts and Procedural History

[2] In 2013, the Parnells owned a residence in Marion. At that time, Agricor, the owner of an adjacent property, was undergoing an expansion project involving an addition to its facility and parking lot modification. Agricor hired Steinberger as general contractor for its project, and the subcontractors included Sullivan and E&B. On March 29, 2013, the Parnells' property flooded after a significant rainfall, causing damage to their basement.

[3] On February 24, 2015, the Parnells filed a tort action against Appellees, asserting negligent design, construction, and supervision of Agricor's project, which allegedly resulted in the redirection and increased flow of water onto the Parnells' property. In March and April 2015, Appellees filed separate appearances and responsive pleadings. From May 2, 2015, to February 15, 2017, the chronological case summary ("CCS") shows no entries/activity in the case. Appellants' App. Vol. 2 at 6-7. On February 15, 2017, pursuant to Trial Rule 41(E), the trial court initiated proceedings to dismiss the case for failure to prosecute, setting a hearing for March 31, 2017. Three days before the scheduled hearing, the Parnells filed a motion to lift the Trial Rule 41(E) hearing, listing as reasons for the lack of activity in the case a fire at counsel's office that resulted in the loss and reclamation of certain records, a tornado

causing power outages at counsel's temporary office, a water main break at the office, a lockdown and closure of the office due to a stalker, staff issues and absences, and counsel's family health issues. *Id*. at 90-91. The trial court granted the Parnells' motion and rescheduled the matter for a status hearing on September 8, 2017. Other than a couple entries for substitution of Agricor's counsel, the CCS shows no activity during the ensuing five and a half months.

[4] At the status hearing on September 8, 2017, E&B filed a motion to dismiss pursuant to Trial Rule 41(E). The Parnells filed a response, and the trial court set the matter for hearing. At the October 20, 2017 hearing, the remaining defendants joined E&B's motion to dismiss. Counsel for the Parnells and the various defendants presented arguments, and the trial court instructed the parties to file proposed findings/orders.

[5] On November 28, 2017, the trial court issued an order with findings of fact and conclusions thereon dismissing the Parnells' negligence action for failure to prosecute. The Parnells do not specifically challenge any of the court's findings, which read, in pertinent part,

> 3. From May 1, 2015 through October 20, 2017, Plaintiffs only served discovery on Agricorp, [sic] but at no time did Plaintiffs serve discovery on the remaining Defendants.
>
> 4. Plaintiffs have not taken any depositions in this case.
>
> ….
>
> 7. On March 31, 2017, the Court accepted Plaintiffs' reasons for failing to prosecute their case against Defendants. The Court

lifted the T.R. 41(E) hearing and at Plaintiffs' request set the matter for status conference on September 8, 2017.

8. Plaintiffs undertook no action in the prosecution of their case between the first T.R. 41(E) notice on February 15, 2017 and the status conference of September 8, 2017.

....

10. Plaintiffs' stated reasons for objecting to Defendants' October 20, 2017 Motion to Dismiss are the same reasons given for lifting the Court's Motion to Dismiss of March 30, 2017.

11. Plaintiffs could not explain their failure to take any activity in the last two and 1/2 years, beyond those stated in March 2017, other than noting a lack of finances to retain experts and the argument that discovery provided by defendants was allegedly off-site for cleaning for a time, due to a fire.

12. Plaintiffs' counsel admitted that he never requested that any of the counsel of record provide the discovery again, nor did counsel for Plaintiffs advise they were unable to review the materials for any reason.

13. Plaintiffs' counsel admitted that no communication or correspondence has been sent requesting additional time, or requesting Defendants to recreate previous discovery responses, or voicing any issues with the construction of the law office of Plaintiff's [sic] attorney.

14. The period of Plaintiffs' failure to prosecute this civil case greatly exceeds the sixty (60) days – which is the basis of a T.R. 41(E) hearing....

15. Case law supports a T.R. 41(E) dismissal in cases where the Plaintiff does not prosecute the case in circumstances much less egregious than this. *See*, *e.g. Olson v. Alick's Drugs, Inc.*, [(Ind. Ct.

App. 2007),] 863 N.E.2d 314, affirming dismissal after 6 months of inactivity; and *Lee v. Pugh*, (Ind. Ct. App. 2004), 811 N.E.2d 881, affirming dismissal after 3 months of inactivity.

16. Plaintiffs' delay in prosecuting this case warrants dismissal as to all Defendants.

….

19. …. Here, Plaintiffs were "threatened" with dismissal by this Court, on the Court's own Motion in March 2017. Despite this, Plaintiffs did not take any action whatsoever.

20. [T]his Court finds that Plaintiffs' failure to take any action after the Court's 41(E) hearing in March 2017 shows precisely the type of dilatory actions that Trial Rule 41 is intended to prevent.

21. The explanation by Plaintiffs' attorney for the failure [to] prosecute this civil action is without merit to justify this extended period of inaction.

22. Plaintiffs did not identify any action or inaction on the part of Defendants delaying this matter or causing damage to Plaintiffs.

Appellants' App. Vol. 2 at 123-26.

The Parnells filed a motion to correct error, which the trial court denied. This appeal ensued. Additional facts will be provided as necessary.

# Discussion and Decision

The Parnells maintain that the trial court erred in dismissing their action for failure to prosecute and in denying their motion to correct error. We review

involuntary dismissals and rulings on motions to correct error for an abuse of discretion, which occurs only where the trial court's decision was against the logic and effect of the facts and circumstances before it. *Gillespie v. Niles*, 956 N.E.2d 744, 747 (Ind. Ct. App. 2011) (dismissal for failure to prosecute); *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013) (ruling on motion to correct error). We will affirm if there is any evidence that supports the trial court's decision. *Gillespie*, 956 N.E.2d at 747.

[8] The trial court dismissed the Parnells' negligence action pursuant to Indiana Trial Rule 41(E), which reads, in relevant part,

> [W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

The purpose of Trial Rule 41(E) is to ensure that plaintiffs will diligently pursue their claims. *Chapo v. Jefferson Cty. Plan Comm'n*, 926 N.E.2d 504, 508 (Ind. Ct. App. 2010). "The burden of moving litigation forward is on the plaintiff, not the court." *Petrovski v. Neiswinger*, 85 N.E.3d 922, 925 (Ind. Ct. App. 2017). Courts cannot be asked to carry cases on their dockets indefinitely, nor should adverse parties be left with a lawsuit hanging over their heads indefinitely. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*. Rule 41(E) "provides an enforcement mechanism whereby a defendant, or the

court[,] can force a recalcitrant plaintiff to push his case to resolution." *Chapo*, 926 N.E.2d at 508.

[9] When determining whether to dismiss a case for failure to prosecute, a trial court balances nine factors:

> (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

*Petrovski*, 85 N.E.3d at 925. "Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanction of dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." *Id.*

[10] The Parnells' property was flooded in 2013, and they filed their negligence action in February 2015. They never sought to depose any of the defendants, and served discovery only on Agricor, which was within two months of filing their complaint. The CCS indicates that the action lay dormant for nearly two years. *See* Appellants' App. Vol. 2 at 6-7 (no entries between May 2, 2015 and February 15, 2017). Trial Rule 41(E) would have allowed the trial court or any

one of the defendants to initiate dismissal proceedings after two months of inactivity. When the trial court initiated dismissal proceedings in February 2017, the Parnells filed a motion to lift the Rule 41(E) proceedings, citing a loss of files due to a series of unfortunate events that had befallen plaintiffs' counsel, i.e., an office fire, weather-related setbacks at the temporary office, staff issues, and family illness. The trial court granted the Parnells' motion and extended the time to pursue their claims by nearly six months. As of the September 2017 status hearing, the Parnells had neither proactively pursued discovery nor requested that the defendants re-submit any of their initial correspondence/filings.

[11] Appellees jointly moved to dismiss for failure to prosecute. At the October 2017 hearing on the dismissal proceedings, Appellees' attorneys explained that they had no idea what was going on in the litigation or even what each of their clients had been accused of doing. Counsel for Sullivan described his client's status as "sitting in limbo like everyone else …. and we're still at the same place as when the suit was filed." Tr. Vol. 1 at 14. With respect to plaintiffs' counsel's loss of physical and digital files, Appellees' attorneys emphasized that they easily could have re-submitted/re-served the files electronically, but they were not notified and replacements were never requested. *Id.* at 14, 15. In response, plaintiffs' counsel stated,

> It wasn't merely this case that we had to go through and do things with. Going back in my records … this is the oldest case that I have at my office, and we simply have to go through and find everything as it related to any individual files. And we did

by basis of what were set for dates. When …you go through and you have that fire you go back I … agree that I could've sent letters to everyone. And I sit here and I think to myself, why didn't I do that? And the answer is I just simply didn't. I don't have an explanation for that.… I need to obviously make this more of a priority.… In this particular case, whatever facts existed in 2013, they're the same today. Nobody's prejudice[d] by this delay[.]

*Id*. at 16, 17. The court correctly reminded counsel that each defendant was retaining/paying counsel to defend the action and, in that sense, was prejudiced by the protracted delays and abject failure to communicate. *Id*. at 17.

[12] Simply put, the Parnells' delay in prosecuting their negligence action was exponentially longer than the sixty-day period provided in Trial Rule 41(E). The reasons for the delay, though initially attributable to circumstances beyond the Parnells' and their counsel's control, were not addressed even after the trial court initiated dismissal proceedings. The Parnells were stirred into action only to the extent of requesting a lift of the proceedings. The trial court, having then been made aware that the initial delays were due to counsel's unusual challenges, took the less drastic route and afforded the Parnells an additional six months to show that they would push the case forward. It was their burden to do so, and they did not. *See Petrovski*, 85 N.E.3d at 925. Despite our preference for deciding cases on the merits, we conclude that the trial court acted within its discretion in dismissing the Parnells' action for failure to prosecute and in denying their motion to correct error. Consequently, we affirm.

Affirmed.

Bailey, J., and Brown, J., concur.