## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 26 2018, 8:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. Quirk
Quirk & Hunter, PC
Muncie, Indiana

ATTORNEY FOR APPELLEES

Codie J. Ross
Reminger Co., L.P.A.
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ryan E. Shreeve, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Muncie Chevrolet-Cadillac, Inc., a/k/a American Chevrolet Cadillac of Muncie and Stephen DeAnda, <br> *Appellees-Defendants.* | December 26, 2018 <br><br> Court of Appeals Case No. 18A-CT-1474 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable John M. Feick, Judge <br><br> Trial Court Cause No. 18C04-1708-CT-85 |

**Najam, Judge.**

# Statement of the Case

Ryan E. Shreeve appeals the trial court's dismissal of his complaint against Muncie Chevrolet-Cadillac, Inc., a/k/a American Chevrolet Cadillac of Muncie, and Stephen DeAnda (collectively, "American Chevrolet") for failure to prosecute under Indiana Trial Rule 41(E). Shreeve raises one issue for our review, namely, whether the trial court abused its discretion when it dismissed his complaint.

We affirm.

# Facts and Procedural History

On August 31, 2017, Shreeve filed a complaint for damages against American Chevrolet. American Chevrolet filed its answer and affirmative defenses on September 25. Thereafter, on October 10, American Chevrolet issued interrogatories and a request for production to Shreeve. On November 28, after Shreeve had failed to respond to the interrogatories or the request for production, American Chevrolet's counsel wrote a letter to Shreeve's counsel to inquire into the status of Shreeve's responses. In that letter, American Chevrolet requested that Shreeve file his responses by December 5. Shreeve again did not respond to American Chevrolet's interrogatories or request for production, so American Chevrolet's counsel called Shreeve's counsel. Shreeve's counsel informed American Chevrolet's counsel that Shreeve would provide responses within a few days. However, Shreeve still did not file his

responses. Accordingly, on December 27, American Chevrolet filed a motion to compel discovery.

[4] On January 2, 2018, the trial court issued an order to compel discovery. In that order, the trial court ordered Shreeve to fully respond to American Chevrolet's interrogatories and request for production within two weeks. But Shreeve did not comply with the court's order. Accordingly, on January 23, American Chevrolet filed a motion to dismiss Shreeve's complaint for failure to prosecute. Shreeve then filed his responses to American Chevrolet's interrogatories and request for production on January 31, but the responses were incomplete and unsigned. After a hearing on American Chevrolet's motion to dismiss, the trial court granted American Chevrolet's motion and dismissed Shreeve's complaint on March 29. This appeal ensued.

## Discussion and Decision

[5] Shreeve contends that the trial court abused its discretion when it dismissed his complaint for failure to prosecute. Indiana Trial Rule 41(E) provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's cost if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

[6]     As this court has recently stated, "we will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it." *Petrovski v. Neiswinger*, 85 N.E.3d 922, 924 (Ind. Ct. App. 2018). "We will affirm if there is any evidence that supports the decision of the trial court." *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*.

[7]     The purpose of Trial Rule 41(E) is "'to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution.'" *Belcaster*, 785 N.E.2d at 1167 (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993)). The plaintiff bears the burden of moving the litigation and the trial court has no duty to urge or require counsel to go to trial, even where it would be within the court's power to do so. *Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004). "'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely.'" *Belcaster*, 785 N.E.2d at 1167 (quoting *Hill v. Duckworth*, 679 N.E.2d 938, 939-40 (Ind. Ct. App. 1997)).

[8]     In Indiana, courts must balance nine factors when determining whether to dismiss a case for failure to prosecute. *Petrovski*, 85 N.E.3d at 925. Those factors include:

(1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

*Id*. "'The weight any particular factor has in a particular case appears to depend upon the facts of that case.'" *Id*. (quoting *Belcaster*, 785 N.E.2d at 1167). "However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." *Belcaster*, 785 N.E.2d at 1167. Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanction of dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Caruthers v. State*, 58 N.E.3d 207, 211 (Ind. Ct. App. 2016).

[9]  On appeal, Shreeve contends that the trial court abused its discretion when it dismissed his complaint because his delay in responding was not lengthy and because he had a valid reason for his delay. But, contrary to Shreeve's assertion, we hold that several factors support the trial court's dismissal of Shreeve's complaint, namely, the length of the delay, the reason for the delay, and the extent to which Shreeve was stirred to action by threat of dismissal.

First, the evidence shows that Shreeve took no action in this case from the date he filed his complaint on August 31, 2017, until he filed his discovery responses on January 31, 2018. Indeed, Shreeve failed to respond to American Chevrolet's discovery requests even after American Chevrolet twice contacted Shreeve to obtain his responses and after the trial court ordered Shreeve to respond. Rather, Shreeve filed his responses fifteen days after the deadline provided in the trial court's order, and, even then, his responses were incomplete and unsigned.

Second, Shreeve did not provide a compelling reason for his delay in responding prior to the trial court's dismissal of his complaint. On appeal, Shreeve contends that his "medical history and current medical conditions played a large part" in his delay in responding. Appellant's Br. at 10. But Shreeve has not provided any evidence to indicate that he made that claim to the trial court before or during the hearing on the motion to dismiss for failure to prosecute.[1] And Trial Rule 41(E) provides that a court "shall" enter an order of dismissal if a plaintiff does not show good cause for the delay "at or before" a hearing on the motion to dismiss.

Finally, the extent to which Shreeve was stirred into action by a threat of dismissal as opposed to his own diligence is clear. Despite two requests from

---

[1] Shreeve did not provide a transcript of the hearing on the motion to dismiss for failure to prosecute. But, in his brief on appeal, he does not assert that he argued his medical condition to the trial court in that hearing. Rather, the record indicates that, for the first time in a motion to correct error, Shreeve argued his medical condition to the trial court as a reason for his failure to timely respond.

American Chevrolet and a trial court order compelling Shreeve to respond, Shreeve did not take any action in this case until eight days after American Chevrolet had filed its motion to dismiss.

[13] Indiana Trial Rule 41(E) requires only a sixty-day period of inaction before the trial court can dismiss a complaint. Here, Shreeve did not take any action for five months, and Shreeve only filed his responses after American Chevrolet had filed its motion to dismiss. Even then, Shreeve's responses were incomplete and unsigned. While we prefer to decide cases on their merits, we cannot say that the trial court clearly abused its discretion when it dismissed Shreeve's complaint for failure to prosecute. Thus, we affirm the trial court's order.

[14] Affirmed.

Pyle, J., and Altice, J., concur.