## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 12 2019, 7:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jim Nowacki
Gary, Indiana

ATTORNEY FOR APPELLEE
MAIACO, LLC

Michael V. Knight
Barnes & Thornburg, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jim Nowacki,

*Appellant-Plaintiff,*

v.

Gary Redevelopment Commission, Kenya Jones, Eric Reaves, Namon Flournoy, Bill Joiner, Marion J. Johnson, and Maiaco, LLC,[1]

*Appellees-Defendants.*

July 12, 2019

Court of Appeals Case No. 18A-PL-830

Appeal from the Lake Superior Court

The Honorable Bruce D. Parent, Judge

Trial Court Cause No. 45D04-1608-PL-75

---

[1] Attorney Gilbert King, Jr., filed an appearance and brief for the appellee parties other than Maiaco, LLC. However, the brief was returned as defective, and a corrected brief was not submitted or filed.

**Mathias, Judge.**

[1] The Lake Superior Court dismissed Jim Nowacki's ("Nowacki") complaint against the Gary Redevelopment Commission, Kenya Jones, Eric Reaves, Namon Flournoy, Bill Joiner, Marion J. Johnson,[2] and Maiaco, LLC (collectively "the Appellees") pursuant to Trial Rule 41(E). Nowacki appeals and argues that the trial court abused its discretion when it dismissed his complaint for failure to prosecute.

[2] We affirm.

## Facts and Procedural History

[3] On August 3, 2016, Nowacki filed a complaint for declaratory judgment and injunctive relief against the Appellees alleging that the Gary Redevelopment Commission improperly entered into a contract with Maiaco, LLC, after they colluded to prevent any other bids for a "redevelopment partner organization." Appellant's App. p. 9. Nowacki also alleged that the Gary Redevelopment Commission's bidding process "did not comply with City of Gary Ordinances regarding contracting." *Id.* at 7. The Appellees generally denied the allegations in Nowacki's complaint and also raised several affirmative defenses, including failure to state a claim for which relief can be granted.

---

[2] The commissioners were dismissed from the proceedings in their individual capacities on January 19, 2018 pursuant to Indiana Code section 34-13-3-5(a). Appellee's App. p. 122.

[4]     The trial court held a case management conference on January 31, 2017. At the conference, Nowacki indicated that he intended to hire counsel. The parties also agreed that Nowacki would respond to all outstanding discovery by March 30, 2017. Further, the court ordered all discovery to be completed by October 31, 2017.

[5]     Prior to the case management conference, Maiaco had served interrogatories and requests for production of documents on Nowacki. On March 29, 2017, Nowacki responded to the discovery requests. Nowacki answered three of the twenty-two interrogatories. With regard to the remaining nineteen interrogatories, Nowacki replied that he "would like to meet with [his] attorney on these questions as they are beyond my ability and knowledge to answer." Appellee's App. p. 29. Maiaco also served on Nowacki requests for production of documents that would support the allegations in his complaint. Nowacki responded that he had "no such document[s] in [his] possession at this time." *Id*. at 30. However, Nowacki did produce emails in his possession that concerned the bidding process.

[6]     Nowacki did not supplement his discovery responses, serve any discovery requests on the Appellees, or file any pleadings. Therefore, on September 15, 2017, Maiaco filed a motion to dismiss for failure to prosecute pursuant to Trial Rule 41(E). Shortly thereafter, the remaining Appellees also moved to dismiss Nowacki's complaint.

[7] On October 23, 2017, the trial court held a show cause hearing on the motions to dismiss Nowacki's complaint. Nowacki appeared pro se. The court explained the discovery process to Nowacki and the importance of answering the Appellees' discovery requests. After hearing argument of the parties, the trial court took the motions to dismiss under advisement. The court also ordered Nowacki to "thoroughly" complete and return any outstanding discovery to Defense counsel by November 20, 2017. *Id.* at 78. On its own motion, the court also ordered the parties to complete all discovery by December 29, 2017. Nowacki did not provide any discovery responses to Maiaco[3] within the time frames established in the trial court's October 23, 2017 case management order.

[8] On November 28, 2017, the Appellees filed a second motion to dismiss for failure to prosecute. Nowacki did not file a response to the motion. However, on December 28, 2017, he filed five separate discovery documents on the court, which he failed to serve on opposing counsel.

[9] The trial court held a hearing on January 17, 2018, at which Nowacki again appeared pro se. The trial court granted the motions to dismiss after finding:

> This judicial officer generally holds a "soft spot" for Self-Represented Litigants; to this end, the Court reached[ ]out further than most Courts would have related to this Court's Order of October 23, 2017, explaining to NOWACKI in open court how to conduct discovery and how the discovery rules

---

[3] On November 19, 2017, Nowacki served the Gary Redevelopment Commission with answers to Maiaco's interrogatories.

actually work. This Court has long enjoyed the fighting spirit of NOWACKI and recognizes the significant amount of work that he puts into certain portions of his cases.

Discovery is closed and NOWACKI did not provide either remaining party with discovery to which each is entitled.

NOWACKI[] … did not follow the discovery rules, did not provide MAIACO and the RDC with the discovery sought in a timely or complete manner, and most importantly did not move his case forward as he was Ordered by the Court.

Appellee's App. p. 17.

[10] The Gary Redevelopment Commission filed a motion to amend the trial court's order, which the court granted. Specifically, the court amended its order to clarify that Nowacki "did timely provide the discovery at issue to counsel" for the Gary Redevelopment Commission defendants, but not Maiaco. *Id.* at 110. Further, the court found that "the discovery at issue was owed to MAIACO, and it remains true and uncontested that NOWACKI did not provide this discovery to counsel for MAIACO." *Id.* Therefore, the trial court affirmed its order dismissing Nowacki's complaint.

[11] Nowacki subsequently filed a motion for relief from judgment and a motion to correct error. In its order denying the motions, the court found that Nowacki "neither heeded the warnings of this Court nor availed himself to the extensions provided" and "ignored the Court's instructions and [] failed to comply with the Court's deadlines." *Id.* at 123. Nowacki now appeals.

# Discussion and Decision

[12] Nowacki's complaint was dismissed pursuant to Trial Rule 41(E), which provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

[13] "[W]e will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it." *Petrovski v. Neiswinger*, 85 N.E.3d 922, 924 (Ind. Ct. App. 2018). "We will affirm if there is any evidence that supports the decision of the trial court." *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*.

[14] The purpose of Trial Rule 41(E) is "'to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution.'" *Id.* at 1167 (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993)). "The plaintiff bears the burden of moving the litigation and the trial court has no duty to urge or require counsel to go to trial, even where it

would be within the court's power to do so." *Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004). "'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely.'" *Belcaster*, 785 N.E.2d at 1167 (quoting *Hill v. Duckworth*, 679 N.E.2d 938, 939–40 (Ind. Ct. App. 1997)). *See also Wright v. Miller*, 989 N.E.2d 324, 327 (Ind. 2013) (observing that Indiana's trial courts decide over 1.5 million cases per year and "[m]anaging such a heavy volume demands robust court docket management and insistence upon compliance with the discovery rules, which are specifically intended to minimize the need for judicial involvement").[4]

[15]     Courts must balance nine factors when determining whether to dismiss a case for failure to prosecute. *Petrovski*, 85 N.E.3d at 925. Those factors include:

> (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred

---

[4] *Wright* was decided in 2013, and in the ensuing six years, the caseload of our trial courts statewide has grown to more than two million cases per year. *See* Indiana Judicial Branch Website at https://www.in.gov/judiciary/admin/2666.htm (last visited on June 27, 2019).

into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

*Id*.

[16] "'The weight any particular factor has in a particular case appears to depend upon the facts of that case.'" *Id*. (quoting *Belcaster*, 785 N.E.2d at 1167). "However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." *Belcaster*, 785 N.E.2d at 1167. Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanction of dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Caruthers v. State*, 58 N.E.3d 207, 211 (Ind. Ct. App. 2016).

[17] In this case, there was a ten-month delay during which Nowacki failed to respond to discovery requests. And the trial court found that Nowacki failed to establish a reason or excuse for the delay. Nowacki, who is proceeding pro se, is also responsible for the delay. The trial court gave him extensions to complete discovery, and he failed to do so, without explanation. The trial court was patient with Nowacki and gave him additional time to complete discovery after he failed to comply with the court's first case management order. Although dismissal of his complaint is a severe sanction, Nowacki failed to avail himself of the opportunity the court gave him to avoid dismissal. As the trial court appropriately observed,

NOWACKI neither heeded the warnings of this Court nor availed himself to the extensions provided. He has ignored the Court's instructions and has failed to comply with the Court's deadlines. Rhetorically, the Court must ask what the purpose is of a deadline if it can be freely ignored without consequence?

Appellant's App. p. 123.

[18] Our judicial preference for deciding cases on their merits always weighs against dismissal. And in this case, the only prejudice to the Appellees is the lingering nature of this case. But the remaining factors weigh in favor of dismissal, and in particular, Nowacki's failure to comply with the court's case management orders without any explanation weighs heavily against his arguments. For this reason, we conclude that the trial court acted within its discretion when it dismissed Nowacki's complaint.

[19] Affirmed.

Vaidik, C.J., and Crone, J., concur.