**FILED**

Feb 14 2020, 6:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| Matthew Kroes | Daniyal M. Habib |
| The Marc Lopez Law Firm | Office of Corporation Counsel |
| Indianapolis, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Mahamud Sharif,

*Appellant-Plaintiff,*

v.

Brandon Cooper, City of Indianapolis, and Indianapolis Metropolitan Police Department,

*Appellees-Defendants.*

February 14, 2020

Court of Appeals Case No.
19A-CT-1701

Appeal from the Marion Superior Court

The Honorable Patrick Dietrick, Judge

Trial Court Cause No.
49D12-1803-CT-11386

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Mahamud Sharif (Sharif), appeals the trial court's dismissal of his Complaint against Appellees-Defendants, Brandon Cooper (Cooper), the City of Indianapolis, and the Indianapolis Metropolitan Police Department (IMPD) (Collectively, the City), pursuant to Indiana Trial Rule 41(E).

We reverse and remand for further proceedings.

# ISSUE

Sharif presents this court with one issue on appeal, which we restate as: Whether the trial court abused its discretion by dismissing Sharif's Complaint pursuant to Indiana Trial Rule 41(E).

# FACTS AND PROCEDURAL HISTORY

On April 7, 2016, Sharif was driving westbound on the exit ramp from Interstate 70 onto Interstate 65 northbound. At the same time, Cooper, an employee of the IMPD, was driving directly behind the vehicle operated by Sharif. Shortly thereafter, Cooper collided with Sharif's vehicle, resulting in personal injuries to Sharif that required medical attention.

On March 22, 2018, after filing a tort claim notice, Sharif filed his Complaint against the City. Approximately one year later, on March 20, 2019, Sharif perfected service on the City. On April 17, 2019, the City filed its Answer, as well as a motion to dismiss Sharif's Complaint. On June 26, 2019, after a

hearing, the trial court granted the City's motion to dismiss pursuant to Indiana Trial Rule 41(E).

Sharif now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

Sharif contends that the trial court abused its discretion by granting the City's Indiana Trial Rule 41(E) motion to dismiss for failure to prosecute. We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the trial court's discretion is against the logic and effect of the facts and circumstances before it. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*. Indiana Trial Rule 41(E) provides, in pertinent part:

> [W]hen no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

"The purpose of this rule is to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." *Belcaster*, 785 N.E.2d at 1167. The burden of moving the litigation forward is upon the plaintiff, not the court. *Id*. "It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be

within the court's power to do so." *Id*. "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The adverse party] should not be left with a lawsuit hanging over his head indefinitely." *Id.*

[9] The unusual posture of this case involves the situation in which the plaintiff filed a tort claim notice, alerting the defendants that a lawsuit was imminent, as well as a Complaint with the trial court yet failed to perfect service on the City until a year later. It is established that "the complaining party has the burden of using due diligence to secure service of process." *Geiger and Peters, Inc., v. Am. Fletcher Nat. Bank & Trust Co.*, 428 N.E.2d 1279, 1283 (Ind. 1981). If the person seeking service fails without cause for sixty days or more to provide the clerk with the required summons for issuance or with other information necessary to effectuate service, that person has failed to exercise due diligence in securing service of process. *Id*. Thus, at first glance, Indiana Trial Rule 41(E) "is an adequate mechanism for dismissing a cause of action in which the complaint is timely filed but service of summons is not perfected for an unreasonable length of time without just cause." *Id.*

[10] However, in *State v. McClaine*, 300 N.E.2d 342, 344 (Ind. 1973), our supreme court held that a motion to dismiss for want of prosecution should not be granted if plaintiff resumes diligent prosecution of his claim prior to defendant filing a T.R. 41(E) motion to dismiss. "That is to say, the defendant must file his motion after the sixty-day period has expired and before the plaintiff resumes prosecution." *Id*. at 344. Nevertheless, clarifying the *McClaine* holding

in *Geiger*, our supreme court specified that "the *McClaine* rule [is] inapplicable when a cause of action is filed but summons is not served because of undue delay and lack of diligence without cause. In such a case, a party may timely move for a dismissal under T.R. 41(E) after prosecution has been resumed. To hold otherwise would be inherently unfair to the party who has no knowledge of the *pending claim*." *Geiger*, 428 N.E.2d at 1283 (emphasis added). Likewise, here, the *McClaine* rule is inapplicable as Sharif filed the Complaint, but omitted to perfect service by sending out the summons. Although he resumed prosecution prior to the City filing the motion to dismiss, a notice of tort claim alone is not sufficient to impose knowledge on the City that an action is pending as a tort claim notice is merely an indication that a cause of action might be imminent.

[11] In Indiana, courts must balance nine factors when determining whether to dismiss a case for failure to prosecute: (1) the length of delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. *Belcaster*, 785 N.E.2d at 1167. "The weight any particular factor has in a particular case appears to depend upon the facts of that

case." *Id.* Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanction of dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Caruthers v. State*, 58 N.E.3d 207, 211 (Ind. Ct. App. 2016).

[12] Applying these nine factors to the case before us, we first note that "a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." *Deutsche Bank Nat. Tr. Co. v. Harris*, 985 N.E.2d 804, 814 (Ind. Ct. App. 2013). Although there is no bright line rule indicating exactly how long of a delay justifies dismissal, it would appear from a jurisprudential review that a one-year delay is on the excessive side. *See, e.g., Petrovski v. Neiswinger,* 85 N.E.3d 922, 925 (Ind. Ct. App. 2017) (although a period of twenty months was deemed a long time, this factor was only slightly in favor of dismissal because the party "did not know about the lawsuit during this time because he had not been served."); *Belcaster*, 785 N.E.2d at 1168 (where a ten-month delay was deemed unreasonable); *Smith v. Harris*, 861 N.E.2d 384, 385 (Ind. Ct. App. 2007) (a five-month delay was found excessive). As in *Petrovski*, a twelve-month delay is a lengthy period of time but as the City had not been actually served with the summons, they "did not have a lawsuit 'hanging over [their] head'" and therefore the delay only factors slightly in favor of dismissal of Sharif's suit. *Petrovski*, 85 N.E.3d at 925.

[13] The only reason Sharif has presented for the delay in perfecting the summons is a personal, family reason on the part of his counsel. This factor points to favoring dismissal of the case. While there is no personal liability to Sharif, "a client is bound by his attorney's actions and inactions." *Id.* Thus, factors 3 and 4 weigh in favor of dismissal. But the remaining factors, 5 to 9, favor allowing Sharif to prosecute his Complaint. Although the City claims that there is "*some* prejudice weighing in favor of dismissal," the City fails to cite to any evidence that prejudice exists, such as the unavailability of a specific witness. (Appellee's Br. p. 15); *see, e.g., id.* (where the lack of specific prejudicial evidence was counted against dismissal of the claim). There is no evidence that Sharif has deliberately proceeded in a dilatory fashion; rather, testimony reveals that once Sharif's counsel discovered his omission in perfecting the service, he proceeded without delay. Only after service was perfected, did the City file a motion to dismiss. Finally, even though no lesser sanctions are identified, we note that there is a clear preference for deciding this case on the merits; and rather than being forced to act by a threat of dismissal, Sharif's counsel served the City once he discovered the lack of service.

[14] In sum, the weight any factor has depends upon the facts of the case. Given the unique posture of this case where the Complaint was filed but service was not perfected until a year later, there was no prejudice to the City, and the factual background which involved personal injuries that required medical attention, we find that the extreme remedy of dismissal is not warranted. Accordingly, we

conclude that the trial court abused its discretion in granting the City's Trial Rule 41(E) motion to dismiss for failure to prosecute.

# CONCLUSION

[15] Based on the foregoing, we conclude that the trial court abused its discretion by granting the City's motion to dismiss pursuant to Indiana Trial Rule 41(E).

[16] Reversed and remanded for further proceedings.

[17] Baker, J. concurs

[18] Brown, J. dissents with separate opinion

| | |
|---|---|
| Mahamud Sharif, <br> *Appellant-Plaintiff*, <br><br> v. <br><br> Brandon Cooper, City of Indianapolis, and Indianapolis Metropolitan Police Department, <br> *Appellees-Defendants*. | Court of Appeals Case No. 19A-CT-1701 |

**Brown, Judge, dissenting.**

I respectfully dissent and would affirm the trial court's dismissal of the lawsuit in which, after filing a complaint, the plaintiff took no action for twelve months in furtherance of its prosecution, substantive or otherwise. This Court will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*. We will affirm if any evidence supports the court's decision. *See id.* Sharif does not dispute that he failed to serve the initial summons and complaint per the requirements set forth in Ind. Trial Rule 86. The reason provided by his counsel for postponing the perfection of service, given the circumstances, does not justify the delay. Furthermore, by the time

the City received the complaint, three years had lapsed from the date of loss, a fact which the court noted. Accordingly, I would find the prejudice factor enunciated in *Belcaster* and all of the *Belcaster* factors taken together favor dismissal. As there is evidence to support the court's decision and there was no clear abuse of discretion, I would affirm the trial court.

[20]